IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| **CHARGE LION, LLC,** | § § § | |
| *Plaintiff,* | § § | **CASE NO. 6:12-CV-769-JDL** |
| v. | § § § | **JURY TRIAL DEMANDED** |
| **LINEAR TECHNOLOGY CORPORATION** | § § § | |
| *Defendant.* | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is: 1) Defendant Linear Technology Corporation's ("Linear") Motion to Declare this Case Exceptional and for Attorney Fees Pursuant to 35 U.S.C. § 285 and Federal Rule of Civil Procedure 54(d)(2) (Doc. No. 90); and 2) Plaintiff Charge Lion's Motion to Strike Defendant Linear Technology Corporation's Notice of Supplemental Authority as an Improper Supplemental Brief (Doc. No. 104). Having considered the motions and related briefing and for the reasons stated below, the Court **DENIES** the aforementioned motions.

### BACKGROUND

Charge Lion, LLC ("Charge Lion") filed an action alleging patent infringement against Linear in November 2012. The original action, along with several others filed by Charge Lion, was consolidated with the instant action in April 2013 (Doc. No. 21). In October 2013, Charge Lion granted Linear a covenant not to sue and moved to dismiss the case with prejudice (Doc. No. 80). Linear opposed the motion, arguing that its counterclaims should not be dismissed with prejudice, that it should have an opportunity to request attorneys' fees, and that the covenant

offered by Charge Lion did not cover the full scope of the infringement claims alleged against it (Doc. No. 81). The Court denied Charge Lion's motion to dismiss, finding that Charge Lion overlooked Linear's counterclaims for declaratory judgment of noninfringement and invalidity (Doc. No. 87). After granting Linear an expanded covenant not to sue, *see* Doc. No. 85-1, Charge Lion filed a second motion to dismiss without opposition from Linear (Doc. No. 88). The Court granted the motion, dismissing all claims for lack of subject matter jurisdiction (Doc. No. 89). However, the Court retained subject matter jurisdiction to decide any motion filed by the parties pursuant to 35 U.S.C. § 285. *Id.* On December 20, 2013, Linear filed the instant motion seeking attorney fees under 35 U.S.C. § 285 (Doc. No. 90). All briefing on this motion was filed prior to the Supreme Court's April 2014 decision in *Octane Fitness, LLC v. Icon Health and Fitness, Inc.*, 134 S. Ct. 1749, 1753 (2014), which rejected the Federal Circuit's previous test for determining whether a case is exceptional under 35 U.S.C. § 285. While the parties did not request leave for additional briefing, Linear filed a Notice of Supplemental Authority on May 6, 2014 (Doc. No. 103). Charge Lion then filed its Motion to Strike Defendant Linear Technology Corporation's Notice of Supplemental Authority as an Improper Supplemental Brief on May 15, 2014 (Doc. No. 104).

## APPLICABLE LAW

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. Prior to the Supreme Court's decision in *Octane Fitness*, the Federal Circuit applied the standard developed in *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.*, 393 F.3d 1378 (Fed. Cir. 2005), to determine whether a case was exceptional under § 285. Under the *Brooks Furniture* standard, a defendant seeking attorney fees had to prove by clear and convincing evidence that: 1) the litigation was brought in subjective bad faith; and 2) the

litigation was objectively baseless. *Brooks Furniture*, 393 F.3d at 1381. In *Octane Fitness*, the Supreme Court rejected the *Brooks Furniture* standard, finding that it "is unduly rigid, and it impermissibly encumbers the statutory grant of discretion to district courts." *Octane Fitness*, 134 S. Ct. at 1755. The Court held that an exceptional case under § 285 is "simply one that stands out from others with respect to the substantive strength of a party's litigation position (concerning both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Id.* at 1756. Moreover, the Court further observed that "[d]istrict courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* In addition, the Court held that a party seeking attorney fees under § 285 need only satisfy a preponderance of the evidence standard, rather than the more rigorous clear and convincing standard under *Brooks Furniture*. *Id.* at 1758.

## ANALYSIS

Linear argues that it is entitled to attorney fees because Charge Lion's attempts to extract settlements from each of the defendants evidences bad faith (Doc. No. 90 at 7-8). In addition, Linear asserts that Charge Lion's lawsuit is frivolous or baseless in light of the fact that four of the Accused Products do not perform a trickle charge operation, *id.* at 9, that the Accused Products that have a trickle charge feature do not use variable or adjustable reference voltages, *id.* at 11-12, and that the Accused Products do not have a "means for providing an adjustable reference voltage." *Id.* at 13-14.

In support of its argument that Charge Lion acted in bad faith based on its settlement attempts with other defendants in the case, Linear offers essentially bare allegations that Charge Lion is a "secretive 'shell' corporation that exists for th[e] sole purpose of using the '702 Patent

to extract such settlements." (Doc. No. 90 at 7-8). While it presents a chart outlining the licensing fees paid by each defendant and calculates an average payment of $15,188 per defendant, *see id.*, Linear fails to fully substantiate its claim that Charge Lion was engaged in extortive litigation tactics.[1] Moreover, despite offering its subjective interpretation of Charge Lion's decision to dismiss its infringement claims, *see id.* at 9, Linear provides no other evidence of any improper settlement negotiations or that other defendants in the case were strong-armed into paying licensing fees. *See Digitech Image Technologies, LLC v. Newegg, Inc.*, No. 8:12-CV-01688, 2013 WL 5604283 (C.D. Cal. Oct. 11, 2013) (declining to find bad faith where moving party failed to produce any "admissible evidence that any 'shake-down' settlement negotiations took place, or that other parties to th[e] action were coerced into nuisance value settlements."). Thus, Linear's arguments for bad faith premised on Charge Lion's settlement attempts are insufficient to render this case exceptional.

The remainder of Linear's arguments allege that Charge Lion 's infringement claims are frivolous or objectively baseless. Linear first points to the fact that Charge Lion alleged infringement claims against four Accused Products that do not contain a trickle charge operation (Doc. No. 90 at 9). In its original Complaint, Charge Lion identified a total of fifty-five Accused Products by model number (Doc. No. 1-2). Charge Lion acknowledges the error, calling it a "misidentification" that occurred because "[t]he [four] products are variations of other accused products which were correctly identified." (Doc. No. 97 at 16). While such an error shows inattentiveness—and even carelessness—on the part of Charge Lion, it is not sufficient to render

---

[1] Linear cites *Eon-Net LP v. Flagstar Bancorp*, 653 F.3d 1314 (Fed. Cir. 2011) in support of its argument that Charge Lion pursued "nuisance value" settlements. However, in *Eon-Net*, the Federal Circuit specifically highlighted the fact that the plaintiff had filed over one hundred infringement suits against various defendants, that each complaint was followed by a prompt settlement demand at a low price, and that the plaintiff utilized a fee schedule that assured settlements were well below litigation costs. *See Eon-Net*, 653 F.3d at 1327. In contrast, Charge Lion has asserted infringement claims against a total of eight defendants, including Linear (Doc. No. 90 at 8). Moreover, other than merely listing the settlement amounts of five other defendants, Linear has failed to show any other evidence of an improper settlement scheme similar to that in *Eon-Net*.

this case exceptional. Section 285 applies to exceptional *cases* as a whole. *See* 35 U.S.C. § 285 ("[t]he court in exceptional *cases* may award reasonable attorney fees to the prevailing party.") (emphasis added). Thus, given the fact that Charge Lion's infringement claims against fifty one of the fifty five accused products are arguably reasonable, this error is not sufficient to render the entire case exceptional.

Linear also argues that Charge Lion's claim construction arguments and overall infringement theory is unreasonable, and therefore objectively baseless. *See* Doc. No. 90 at 11-14. While Charge Lion's infringement suit against Linear may be weak, it is not "one that stands out from others with respect to the substantive strength of a party's litigation position . . . ." *Octane Fitness*, 134 S. Ct. at 1756. Linear's competing claim construction arguments are supported by affidavits from its attorneys, as well as one of Linear's employees. *See* Doc. No. 90 at 11-14. As the Federal Circuit observed in *Q-Pharma, Inc. v. Andrew Jergens Co.*, 360 F.3d 1295, 1301 (Fed. Cir. 2004), "[c]laim interpretation is not always an exact science, and it is not unusual for parties to offer competing definitions of even the simplest claim language . . . ." Moreover, "[f]or a case dismissed before trial to be designated exceptional, evidence of the frivolity of the claims must be reasonably clear without requiring a 'mini-trial' on the merits for attorneys' fees purposes." *SFA Systems, LLC v. 1-800-Flowers.com, Inc.*, No. 6:11-CV-00340 (E.D. Tex. Aug. 7, 2014). Linear's subjective claim construction arguments, supported by self-serving affidavits, do not render this case exceptional.

## CONCLUSION

For all the foregoing reasons, the Court **DENIES** Defendant Linear Technology Corporation's Motion to Declare this Case Exceptional and for Attorney Fees Pursuant to 35 U.S.C. § 285 and Federal Rule of Civil Procedure 54(d)(2) (Doc. No. 90). Plaintiff Charge


Lion's Motion to Strike Defendant Linear Technology Corporation's Notice of Supplemental Authority as an Improper Supplemental Brief (Doc. No. 104), is **DENIED**.

**So ORDERED and SIGNED this 25th day of August, 2014.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE